IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICOLE CAMPBELL,

                Plaintiff,

  v.                                                                OPINION and ORDER

MICHAEL GIERACH                                      24-cv-530-jdp
and JARED HOY,

                Defendants.

---

    Nicole Campell is a male-to-female transgender state prisoner who has received gender-affirming surgery and was transferred to Taycheedah Correctional Institution. She alleges that Taycheedah has a policy of assigning post-operative male-to-female transgender prisoners to single cells, that she has been assigned to a single cell based on the policy, and that her mental health suffered due to limited contact with other prisoners. She is proceeding against Michael Gierach, Warden at Taycheedah, and Jared Hoy, Secretary of the Wisconsin Department of Corrections, on a Fourteenth Amendment equal protection claim for injunctive relief challenging her assignment to a single cell based on her transgender status.

    Plaintiff has filed a motion to compel defendants to supplement their responses to her interrogatories. Dkt. 24. For the following reasons, I will DENY plaintiff's motion, but I will order defendants to respond to two special interrogatories to better define the contours of discovery moving forward in the case.

## LEGAL STANDARD

    "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance

of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

ANALYSIS

Certain issues raised in plaintiff's motion to compel are now moot. Plaintiff seeks to compel defendant Gierach to respond to plaintiff's first set of interrogatories, but he provided his responses to these requests on September 30, 2025. Dkt. 25-1. Plaintiff also seeks to compel defendant Hoy to respond to Interrogatories Nos. 2, 3, 15, 16, 17 and 18, and she asks for supplementation on other interrogatories. Hoy states that he would provide responses by December 22, 2025. Dkt. 26 at 1. And defendants state that they would provide supplemental responses to Interrogatories Nos. 6, 7–8, and 10 by that same date. *Id.* at 2. In light of these developments, these particular disputes are no longer active. If plaintiff has objections to the supplemental responses, she must meet and confer with defendants in good faith before seeking further court intervention. *See* Dkt. 18 at 9 (explaining the meet and confer requirement) & Fed. R. Civ. P. 37(a)(1) (a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Still at issue is Interrogatory No. 11. Plaintiff asks how many of her "cellmates at [Taycheedah] have made PREA complaints against [her]" and for their names. Dkt. 25-1, ¶ 11. She states that she has "a legal right to know [her] accusers even of a PREA Complaint(s),"

2

and speculates that PREA complaints against post-operative transgender inmates may be why defendants are housing these inmates in single cells. Dkt. 25 at 1. Defendants objected to this interrogatory as not proportional to the needs of the case and as requesting confidential information. Dkt. 25-1, ¶ 11.

They further argue in response to plaintiff's motion that the request is irrelevant. Defendants note that plaintiff is not proceeding in this lawsuit on a claim of discrimination based on an inmate's PREA history, that any attempt to allege that plaintiff was placed in a single cell because of PREA complaints against her would "contradict" her allegation that she was not assigned a cellmate because she is transgender, and that PREA information must be kept confidential in order to protect inmates' privacy and to encourage victims to report. Defendants state that redaction would not address this concern because an inmate "could still easily infer from the context of the complaint(s) as to who made the report." Dkt. 26 at 4.

Plaintiff has been granted leave to proceed on an equal protection claim. Specifically, she claims that her prison's policy of assigning post-operative male-to-female transgender prisoners to single cells violates her equal protection rights. The Equal Protection Clause of Fourteenth Amendment essentially requires that all similarly situated persons be treated alike. *Kondilis v. City of Chicago*, 160 F.4th 866, 873 (7th Cir. 2025). But prison officials may treat inmates differently so long as "the unequal treatment is rationally related to a legitimate penological interest." *Yoder v. Prince*, No. 23-2334, 2024 WL 3220407, at *2 (7th Cir. June 28, 2024) (citing *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439–42 (1985)). This rational basis inquiry applies except when the disparate treatment is based on a protected class, in which case, strict scrutiny applies. *Id.* The level of scrutiny that applies to policies that distinguish between individuals based on

3

their transgender status, but cannot be characterized as sex discrimination, is unsettled. *Id.* Judge Peterson assumed for purposes of screening that transgender individuals are a protected class, Dkt. 12, at 7, while acknowledging the unsettled question as to the applicable level of scrutiny.

The choice in scrutiny impacts this discovery dispute because, if rational basis applies, defendants may argue that there is a penological interest in assigning post-operative male-to-female transgender inmates to single cells. Undercovering this rationale appears to be the motivation behind plaintiff's Interrogatory No. 11—plaintiff suspects that defendants may argue that post-operative male-to-female transgender inmates pose particular sexual assault risks and that those risks justify assigning them single cells. If rational basis applies and defendants intend to advance this argument, information concerning PREA complaints against plaintiff or other post-operative transgender inmates may be relevant to assessing the legitimacy of this alleged penological interest. But, if strict scrutiny applies or if defendants do not intend to make this argument, then the information would be irrelevant and disproportionate to the needs of this case.

The level of scrutiny that applies to the challenged policy in this case is a question for another day, so for purposes of this discovery motion, the court will assume that all options are still on the table and that defendants could advance a rational basis argument. With this in play, discovery into any alleged penological interests for the single cell policy is relevant, unless defendants disclaim certain interests. To establish a framework, the court will order defendants to answer the following special interrogatories by the deadline indicated below:

1. State and describe the penological interests, if any, for Taycheedah's policy of assigning post-operative male-to-female transgender prisoners to single cells.

4

2. State and describe the penological interests, if any, for Taycheedah's policy of assigning plaintiff to her single cell.

These interrogatories will not count towards plaintiff's discovery limits. Defendants will have the standard 30 days to respond. If any more discovery disputes arise, the parties must meet and confer in good faith before seeking additional court intervention.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 24, is DENIED.

2. All defendants must respond to the two special interrogatories within 30 days of this order.

Entered January 14, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge